UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLARENCE DUDLEY (#329502)

VERSUS                                                    CIVIL ACTION

N. BURL CAIN, ET AL                                       NUMBER 13-156-JJB-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 11, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLARENCE DUDLEY (#329502)

VERSUS                                                    CIVIL ACTION

N. BURL CAIN, ET AL                                       NUMBER 13-156-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion to Dismiss with Prejudice Petition for Writ of Habeas Corpus Filed on Behalf of the State of Louisiana. Record document number 12. The motion is opposed.[1]

**I. Background**

Clarence Dudley was found guilty of nine counts Medicaid fraud and one count money-laundering of $100,000.00 or more in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana on December 6, 2004. Petitioner was adjudicated a second felony habitual offender and was sentenced to 50-year term of imprisonment at hard labor.

On direct appeal the petitioner asserted the following assignments of error:

1.  petitioner's prosecution for Medicaid fraud, felony theft, and money laundering constituted a violation of the federal and state constitutional bars against double jeopardy;

---

[1] Record document numbers 13 and 16.

2. the Parish of East Baton Rouge was not a parish of proper venue for the prosecution of these crimes and the attorney general did not have jurisdiction over him;

3. the trial court erred in failing to assess the petitioner's competence to waive counsel according to the standard appropriate for measuring competence of counsel against professional norms;

4. there was insufficient evidence to justify a rational trier of fact finding the defendant guilty beyond a reasonable doubt; and,

5. the trial court erred in finding the petitioner to be a habitual offender when the State failed to establish by competent evidence the necessary elements, and alternatively, the trial court erred in failing to reduce the mandatory minimum sentence imposed.

Petitioner asserted two additional *pro se* assignments of error challenging his habitual offender adjudication and the search of Westend KIDMED.

The Louisiana First Circuit Court of Appeal affirmed the petitioner's convictions and sentences and the petitioner's habitual offender adjudication and sentence. *State of Louisiana v. Clarence Dudley,* 2006-1087 (La. App. 1st Cir. 9/19/07), 984 So.2d 11. Petitioner sought review by the Louisiana Supreme Court, which was not considered because it was untimely. *State of Louisiana v. Clarence Dudley*, 2008-1285 (La. 11/20/09), 25 So.3d 783.

Petitioner filed an application for post-conviction relief ("PCRA") through counsel on November 8, 2010. Petitioner asserted the following grounds for relief:

1. he was denied his constitutional right to self-representation; and,

2

2.  he was denied effective assistance of trial counsel.

Petitioner filed a *pro se* supplement to his PCRA asserting that his substantive due process rights were violated when the State failed to give him prior notice that additional criminal charges were being filed against him on September 3, 2002.

On July 25, 2011, the trial court denied the petitioner's PCRA as untimely, specifically relying on La.C.Cr.P. art. 930.8. Petitioner did not seek further review in the appellate courts.[2]

Petitioner signed his federal habeas corpus application on March 1, 2013, and it was filed on March 12, 2013.

Petitioner asserted the following grounds for relief:

Ground One: Whether the prosecution for Medicaid fraud, felony theft and money laundering constituted double jeopardy.

Ground Two: Whether the trial court erred in failing to assess the petitioner's competence to waive counsel.

Ground Three: Ineffective assistance of court appointed trial counsel.

Ground Four: His conviction was secured in violation of his due process rights.

Ground Five: His conviction was secured in violation of his constitutional right to self-representation.

## II. Applicable Law and Analysis

**A. Timeliness**

The respondent argued that the petitioner's federal habeas

---

[2] Record document number 1, pp. 7, 9, 10, 12, 13.

corpus application is untimely. Petitioner essentially conceded as much.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998). A court must look to state law to determine whether a state habeas application conforms to the state's procedural filing requirements. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009).

A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next

level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). An application ceases to be "pending" within the meaning of § 2244(d)(2) when the petitioner fails to timely file an application for supervisory review at the next level. *Id.* at 407. A state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application. *Id.* After the period for appeal or seeking discretionary review has lapsed, an application ceases to be pending, but a subsequent properly filed application entitles the petitioner to additional tolling beginning at the time of the "proper" filing. *Id.*

Petitioner's conviction became final on October 19, 2007.[3]

---

[3] For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs."). Normally that time expires 90 days after the state court of last resort enters its judgment. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). But when the defendant concludes his state-court direct appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* This federal rule applies even where state law provides that finality occurs on a different date. *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law fourteen days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with*
(continued...)

From the date the petitioner's conviction became final on October 19, 2007, until November 8, 2010, the date the petitioner filed his PCRA, 1,114 days of the limitations period elapsed.

By the time the petitioner filed his PCRA, the limitations period had elapsed. Petitioner's federal habeas corpus application was not filed timely.

### B. Actual Innocence

In his Amended Motion in Opposition to Dismiss Original Petition for Writ of Habeas Corpus, the petitioner argued that he is actually innocent of the alleged offenses and has overcome the filing deadlines, as set forth in *McQuiggin v. Perkins*, ____ U.S. ____, 133 S.Ct. 1924 (2013).[4]

In *McQuiggin*, the Supreme Court resolved a circuit split by holding that a habeas petitioner can overcome the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations by making a convincing showing of actual innocence. *McQuiggin*, 133 S.Ct. at 1928 (referencing 28 U.S.C. § 2244(d)(1)).[5]

---

[3](...continued)
*Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id.* at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).

[4] Record document number 16, p. 3.

[5] "Actual innocence" is not a free-standing ground for habeas corpus relief. *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. (continued...)

6

*McQuiggin* held that a petitioner attempting to overcome the expiration of the AEDPA statute of limitations by showing actual innocence is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S.Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851 (1995)). *McQuiggin* held that unjustifiable delay on the part of a habeas petitioner, while not to be viewed as "an absolute barrier to relief," should still be considered as a "factor in determining whether actual innocence has been reliably shown." *Id*.

To open the gateway to federal habeas review a petitioner asserting his actual innocence of the substantive offense must: (1) present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not presented at trial"; and (3) must show, that in light of this new evidence, "it is more likely

---

[5](...continued)
2006)([A]ctual-innocence is *not* an independently cognizable federal-habeas claim."); *Dowthitt v. Johnson*, 230 F.3d 733, 741-42 (5th Cir. 2000), *cert. denied*, 532 U.S. 915, 121 S.Ct. 1250 (2001); *see also Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003). "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 40, 113 S.Ct. 853, 862 (1993)(citing *Townsend v. Sain*, 372 U.S. 293, 317, 83 S.Ct. 745, 759 (1963)).  The Supreme Court reaffirmed in *McQuiggin*, 133 S.Ct. at 1931, that it has not resolved whether a prisoner may be entitled to habeas corpus relief based on a freestanding claim of actual innocence.

than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537, 126 S.Ct. 2064, 2077 (2006), *citing Schlup v. Delo*, 513 U.S. 298, 299, 324-29, 115 S.Ct. 851, 854, 865-868 (1995).

But "the habeas court's analysis is not limited to such evidence." *Id.* Rather, "the habeas court must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether is would necessarily be admitted under the rules of admissibility that would govern at trial." *Id.* at 538, 126 S.Ct. at 2077 (internal quotation marks and citation omitted). "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* (quoting *Schlup*, at 329, 115 S.Ct. at 851.

The *Schlup* standard "is demanding and permits review only in the 'extraordinary' case." *House, supra,* at 538, 126 S.Ct. at 2077. In applying the *Schlup* standard, the Fifth Circuit has held that: (1) the petitioner "bears the burden of establishing that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence"; (2) "there is no presumption of innocence at a habeas proceeding" and the petitioner "comes before the habeas court with a strong - and in the vast majority of the cases conclusive - presumption of guilt"; and, (3) the *Schlup* standard "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but

8

rather that no reasonable juror would have found the defendant guilty." *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005). Put differently, "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329, 115 S.Ct. at 868.

The petition cited no new evidence which, when considered with the evidence admitted at the trial, would be sufficient to find that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" of the substantive offenses of Medicaid fraud and money-laundering. Indeed, the petition is far from sufficient. Therefore, the petitioner has not overcome the expiration of the AEDPA statute of limitations by a showing actual innocence.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion to Dismiss with Prejudice Petition for Writ of Habeas Corpus Filed on Behalf of the State of Louisiana be granted, and that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Clarence Dudley be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, February 11, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE